UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In Re:                                             Case No. 10-61020

Francis Geremski

---

### SETTLEMENT STIPULATION: DISCHARGEABILITY

WHEREAS, the Debtor herein has filed a prayer for relief under Chapter 13 of the Bankruptcy Code on April 15, 2010, and

WHEREAS, Syracuse Fire Department Federal Credit Union is a creditor of the Debtor having two separate loan agreements to wit: a signature loan and an overdraft line of credit, and

WHEREAS, Syracuse Fire Department Federal Credit Union has a claim against the Debtor which it alleges is not dischargeable in these proceedings and it is the desire of the parties to conserve judicial resources, time, effort and attorneys fees which may be necessary to litigate said matter to affix their respective rights vis a vis each other,

NOW THEREFORE, it is hereby stipulated and agreed by and between the Debtor and creditor and their counsel as follows:

1.  The creditors line of credit account, having a balance of approximately $800.00 shall be deemed to be dischargeable in the within proceeding. Said creditor shall file a Proof of Claim in regards to said line of credit, and shall accept such dividends as other unsecured creditors in the Chapter 13 case shall receive.

2.  The Debtor stipulates and agrees that the amount due the credit union in the sum of $5,052.10, being the balance due on the Debtors signature loan is nondischargeable in these proceedings. The creditor shall file a Proof of Claim for its outstanding balance on said signature loan and agrees to accept a dividend on its claim, equal to the dividend received by all other unsecured creditors in the Debtors Chapter 13 proceeding.

Case 10-61020-6-dd    Doc 11    Filed 07/14/10    Entered 07/14/10 08:07:15    Desc Main
Document      Page 2 of 3

Jun 21 10 03:21p        David J Gruenewald Esq                          315-637-2791           p.3
2010-06-21  13:25                                              >>      315 637 2791     P 2/3
Jun 21 10 12:18p        David J Gruenewald Esq                         315-637-2791           p.3

3. Any dividend received by the creditor on said claim during the course of these proceedings shall be applied against the outstanding balance on said signature loan. Upon receipt by the Debtor of the discharge in these proceedings, any balance due and owing on said signature loan, after the application of any dividend received during the course of these proceedings shall be and remain a valid obligation of the Debtor to said creditor. No interest shall be charged or accrued on the unpaid balance while the Debtor is in a Chapter 13 proceeding nor shall any be added post discharge which might otherwise have accumulated during the course of these proceedings.

4. Within thirty days after receipt by the Debtor of his discharge, he shall make arrangements to liquidate the balance remaining to the credit union over a term of no more than two years, with an interest rate equal to that previously owed by him on said Loan Liner Agreement (signature loan) in the sum of 11.250%. Said sum may be prepaid by the Debtor at any time without penalty.

5. The Debtor shall not seek a discharge of this obligation in this case, nor in any converted case, nor any subsequent proceedings which may be filed by the Debtor in the event these proceedings are dismissed.

6. The Debtor shall not seek any order of confirmation which does not incorporate by reference the stipulation entered into between the parties and said stipulation shall be incorporated in the Order of Confirmation as if fully set forth therein.

7. The Debtor covenants that he has no defenses to the creditors claim in the event of dismissal of his case, and in the event of the failure of the Debtor to make arrangements as called for in this stipulation, the creditor may proceed in any State Court of jurisdiction to commence an action against the Debtor on the original Loan Liner Agreement (signature loan) as if no proceedings had heretofore been filed.

8. The Debtor shall amend his Chapter 13 Plan to reflect the terms of this Settlement Stipulation.

IN WITNESS THEREOF, the parties have hereto set their hands in seal this 21st day of May, 2010.

_____
Francis J. Geremski

_____
David Gruenwald, Esq.
Attorney for Debtor

Syracuse Fire Department Federal
Credit Union

by: _____

_____
Jeffrey Lee Drimer, Esq.
Harold P. Goldberg, Esq., of counsel,
for creditor